**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4371**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAKIMB SHERIF DENNIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-303)

---

Submitted:  June 3, 2005                    Decided:  July 13, 2005

---

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

James Edward Quander, Jr., JAMES E. QUANDER, Winston-Salem, North Carolina, for Appellant.  Paul Alexander Weinman, Assistant United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Rakimb Sherif Dennis was convicted of conspiracy to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(b)(1)(a) (2000), carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000), and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Dennis under the federal sentencing guidelines to 235 months incarceration on the § 846 conviction, a concurrent 120 months on the § 922(g)(1) conviction, and a consecutive 60 months in prison for the § 924(c)(1) offense. Dennis' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but challenging the sufficiency of the evidence to support the jury's verdict on the conspiracy charge. Although advised of his right to do so, Dennis has not filed a pro se supplemental brief. In a supplemental brief, counsel contends that Dennis' sentence is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Dennis' convictions, but vacate his sentence and remand for resentencing.

Dennis first contends that the evidence was insufficient to prove the existence of a conspiracy to distribute crack, rather

than a mere buyer-seller arrangement.  "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).

Viewed in the light most favorable to the government, the evidence at trial showed that Timothy Quattlebaum and Roscoe Anderson would drive Dennis to various locations around Winston-Salem so that Dennis could distribute crack cocaine.  Dennis paid them in cash or drugs.  Anderson and Quattlebaum each drove Dennis to Greensboro on two separate occasions so that he could obtain cocaine powder, which he then cooked into crack.  Quattlebaum testified regarding one occasion on which he and two others accompanied Dennis into a fast food restaurant where Dennis had made plans to conduct a crack cocaine transaction.  Once inside, Dennis stated that it was a "setup" and the four left the restaurant.  Evidence was also presented that Dennis, with the assistance of others, would sell crack from a residence in Winston-Salem.  We find that this evidence was sufficient for the jury to find that Dennis knowingly and voluntarily entered into an agreement with one or more persons to distribute crack cocaine. See Glasser, 315 U.S. at 80; United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996).

Dennis argued that the evidence supported merely a buyer-seller relationship.  However, the jury was properly instructed as

to the elements necessary to prove a conspiracy and also was instructed that a mere buyer-seller relationship was not sufficient to prove a conspiracy. The jury returned a verdict finding that a conspiracy existed. Because there was sufficient evidence to support that finding, we affirm the district court's denial of Dennis' motion for judgment of acquittal and affirm Dennis' conviction. See Glasser, 315 U.S. at 80; United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (holding that credibility determinations are within the sole province of the jury).

Citing United States v. Booker, 125 S. Ct. 738 (2005), Dennis argues on appeal that his sentence is unconstitutional because it was enhanced based on the district court's finding that he was a leader or organizer of the offense, a fact that was neither charged in the indictment nor found by the jury beyond a reasonable doubt. In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme—which provided for sentencing enhancements based on facts found by the court—violated the Sixth Amendment. Id. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the court); id. at 756-57 (Breyer, J., opinion of the Court). In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held that a sentence enhanced based on facts

found by the court, rather than upon facts found by the jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal. Id. at 547-48 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

In light of Booker and Hughes, we find that the district court plainly erred in imposing a sentence under the federal sentencing guidelines as they existed prior to Booker.[1] Therefore, although we affirm Dennis' convictions, we vacate his sentence and remand for proceedings consistent with Hughes.[2] Id. at 546 (citing Booker, 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)). We dispense with oral argument because the facts and

---

[1]As we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dennis' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

- 5 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>